IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ERIN M. DOHERTY and
KELLY M. DOHERTY,

                                       ORDER

                Plaintiffs,

                                   12-cv-330-bbc

       v.

STATE FARM LIFE AND ACCIDENT
ASSURANCE CO.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action for monetary relief, plaintiffs Erin Doherty and Kelly Doherty are seeking the proceeds of a life insurance policy their father purchased from defendant State Farm Life and Accident Assurance Co.  Both sides have filed motions for summary judgment, but I cannot resolve them until the parties show that the court has jurisdiction to decide the case.

As a basis for jurisdiction, plaintiffs cited 28 U.S.C. § 1332, which requires diversity of citizenship between the plaintiffs and defendant and an amount in controversy greater than $75,000.  However, it is not sufficient for plaintiffs to simply allege in their complaint that diversity jurisdiction exists.  At the summary judgment stage, they are required to submit evidence regarding the parties' citizenship in their proposed findings of fact so that the court may conclude that jurisdiction has been established.  Dkt. #9, at 9 ("All facts

1

necessary to sustain a party's position on a motion for summary judgment must be explicitly proposed as findings of fact.  This includes facts establishing jurisdiction.").

It is clear from the parties' proposed findings of fact and the evidence in the record that more than $75,000 is in controversy.  Additionally, defendant's proposed findings of fact and supporting evidence establish that it is a citizen of Illinois for purposes of § 1332.  Dft.'s PFOF, dkt. #29, at 2 ("Defendant State Farm Life and Accident Assurance Company is incorporated under the laws of Illinois with its principal offices location in Bloomington, Illinois. . . .").

However, there is no evidence in the record establishing plaintiffs' citizenship.  As individuals, plaintiffs are citizens of the state in which they are "domiciled," that is, "the state in which [they] intend[] to live over the long run."  Heinen v. Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012).  In their proposed findings of fact, plaintiffs state that they are "residents" of the states of Massachusetts and Minnesota, Plts.' PFOF, dkt. #21, ¶ 1, and they cite to an affidavit of their counsel as evidence of their "residency."  Dkt. #18.  Defendant cites the same affidavit in its proposed findings of fact.  As the court of appeals has explained time and again, domicile and residency are not the same thing for the purpose of determining diversity jurisdiction under § 1332, and an allegation of residency is not sufficient.  E.g., In re Sprint Nextel Corp., 593 F.3d 669, 674 (7th Cir. 2010) ("[A] court may not draw conclusions about the citizenship of [parties] based on things like their phone numbers and mailing addresses.").  See also Heinen, 671 F.3d at 670; Hukic v. Aurora Loan Services, 588 F.3d 420 (7th Cir. 2009); Camico Mutual Insurance Co. v.

Citizens Bank, 474 F.3d 989, 992 (7th Cir. 2007); McMahon v. Bunn-O-Matic Corp.,150 F.3d 651, 653 (7th Cir. 1998); Macken ex rel. Macken v. Jensen, 333 F.3d 797, 799 (7th Cir. 2003).

Until plaintiffs establish their domicile, I cannot exercise jurisdiction over this case. Accordingly, I will give plaintiffs an opportunity to supplement the record with the necessary evidence.  In particular, plaintiffs should submit affidavits clarifying their domicile.


ORDER

IT IS ORDERED that plaintiffs Erin Doherty and Kelly Doherty may have until January 30, 2013 in which to submit verification, in the form of affidavits, of the diversity of citizenship between themselves and defendant.  If plaintiffs do not respond by that date, this case will be dismissed for lack of subject matter jurisdiction.

Entered this 24th day of January, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3